UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **SHOP RITE, INC.** <br> Petitioner | CASE NO. 6:23-cv-00456 |
| Vs. | JUDGE SUMMERHAYES |
| **U.S. DEPARTMENT OF COMMERCE** <br> **SMALL BUSINESS ADMINISTRATION** <br> Respondent | MAGISTRATE JUDGE <br> WHITEHURST |

*************************************************************************

**STATEMENT OF UNDISPUTED FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
BY PETITIONER SHOP RITE, INC.**

Petitioner SHOP RITE, INC. ("Shop Rite") submits the following statement of material undisputed facts in support of Motion for Summary Judgment on review of the Final Order of the United States Small Business Administration Office (SBA) in the matter of SBA PPP Loan Number 1031327200.

1. The PPP Loan Program is a temporary SBA 7(a) loan program designed to help small businesses keep their workers employed during the COVID-19 crisis.

2. PPP borrowers obtain loans through an SBA approved lender, which services the loan. SBA implements the program and guarantees 100% of PPP loans in the event of default.

3. PPP loans can be used for payroll and employee benefits costs, mortgage interest payments, rent and lease payments, and utilities.

4. A PPP borrower may obtain loan forgiveness up to the full amount of its loan for eligible expenses made during the loan's "covered period", (typically, 24 weeks from the date of loan origination), provided at least 60 percent of the PPP loan was used to fund payroll and employee benefits costs.

5. The lender reviews the application and makes an initial decision regarding loan forgiveness.

6. SBA Office of Capital Access (OCA) may review the loan and issue a final SBA loan review decision on a borrower's eligibility for the loan or for loan forgiveness. 13 C.F.R. §134.1201(b)(1)-(4).

7. On April 3, 2020, Petitioner applied for a PPP loan with First National Bank of Louisiana (Lender).

8. On April 15, 2020, the loan was approved and FNB disbursed loan proceeds in the amount of $2,502,750.

9. On June 23, 2021 Petitioner filed an application for PPP loan forgiveness.

10. On August 10, 2021, Lender FNB recommended forgiveness of 100% of Petitioner's loan indebtedness.

11. On June 01, 2022, SBA issued its final loan review decision finding Petitioner was not eligible for the PPP loan or for loan forgiveness.

12. SBA Office of Capital Access (OCA) concluded the Borrower's business, "or together with its affiliates", exceeded the 500 employee SBA small business size standard.

13. In the CARES Act Congress waived the SBA Affiliation Rules for purposes of the PPP Loan Program for entities engaged in the restaurant business.

14. More than 70% of Petitioner's business locations and more than 72% of Petitioners employees were engaged in the deli restaurant business.

15. The deli restaurant business is assigned NAICS Code 72 by the Commerce Department.

16. In addition to its deli locations Petitioner operates two full service restaurants.

17. The CARES Act Affiliation Waiver provides:

Waiver of affiliation rules. During the covered period, the provisions applicable to affiliations under section 121.103 of title 13, Code of Federal Regulations, or any successor regulation, are waived with respect to eligibility for a covered loan for— (I) any business concern with not more than 500 employees that, as of the date on which the covered loan is disbursed, is assigned a North American Industry Classification System code beginning with 72;

15 U.S.C.S. §636(a)(36)(D)(iv)

18. 13 CFR §121.103 is entitled "How does SBA determine affiliation?"

19. All of the eligibility provisions contained in 13 CFR §121.103 are waived by 15 USC §636(a)(36)(D)(iv) for a business concern engaged in a business that is assigned an NAICS class code beginning with 72, including:

(5) In determining whether affiliation exists, SBA will consider *the totality of the circumstances*, and may find affiliation even though no single factor is sufficient to constitute affiliation.

(6) In determining the concern's size, SBA counts the receipts, *employees, or other measure of size of the concern whose size is at issue* and all of its domestic and foreign affiliates, regardless of whether the affiliates are organized for profit.

13 C.F.R. §121.103(a)(5)(6) (emphasis added)

20. 13 CFR §121.107, upon which the Agency determination rests, is located in Part 121 separate from §121.103 ("How does SBA determine affiliation").

21. A business concern may have more than one NAICS Code depending on the variety of its operations. (Dept. of Commerce, census.gov, NAISCA)

22. SBA develops and assigns small business size standards to the various NAICS code classifications.

23. SBA does not assign NAICS codes to applicants, except in connection with federal government contracting programs.

24. Borrowers and lenders may rely on SBA –Treasury document "PPP Loans – FAQ" (7/29/21) @treasury.gov, ("SBA Guidance") as SBA's interpretation of the CARES Act and the PPP Interim Final Rules.[1]

25. The SBA Guidance document provides:

"SBA's affiliation rules (13 CFR 121.103 and 13 CFR 121.301) do not apply to any business entity that is assigned a NAICS code beginning with 72 and that employs not more than a total of 500 employees (or 300 employees for a Second Draw PPP loan).
Example 3. Company X wholly owns Company Y and Company Z (as a result, Companies X, Y, and Z are all affiliates of one another). Company Y owns a restaurant with 400 employees. Company Z is a construction company with 400 employees. Company Y is eligible for a First Draw PPP Loan because it has 500 or fewer employees.

The affiliation rules do not apply to Company Y, because it has 500 or fewer employees *and is in the food services business (with a NAICS code beginning with 72).*" (emphasis added).[2]

26. Petitioner filed an amended SBA Form 3511 and indicated it was engaged in a business that was assigned an industry code beginning with 72 by NAICS.

27. SBA's determination that NAICS Code 72 does not apply is based on a summary entitled "Affiliate Narrative Worksheet", AR 1595 – 1600.

28. The Affiliate Narrative worksheet states:

"… the borrower submitted a document indicating the NAICS code for Shop Rite, Inc., should be changed …to 722513 Limited Service Restaurants because it claims that over 70% of the company's revenues is engaged in the food service business and operates 2 full service restaurants." [3]

---

[1] Insert cite

[2] "PPP Loans – FAQ" (7/29/21) @treasury.gov ("SBA Guidance"), Question 24

[3] AR 1598

4

29. Petitioner did not submit a document that indicated over 70% of its revenue was derived from the food service business.

30. In response to SBA's communication of 4/11/22, Petitioner provided evidence that shows a substantial part of its business (>70% of Shop Rite locations, and 72% of its employees) are engaged in the preparation and provision of meals, snacks, and beverages for immediate on-premises and off- premises consumption. AR 973.

31. Petitioner provided evidence that Shop Rite also owns and operates two (2) full-service restaurants.

32. The PPP Loan Exception Review Report states "Due diligence shows that Shop Rite does not qualify or meet the criteria for an affiliation rule waiver/exemption"[4].

33. The PPP Loan Exception Review Report provides no explanation or basis for that conclusion.

34. There is no evidence in the record of the Agency giving any consideration to the question of Petitioner's eligibility for the Affiliation Waiver, other than the erroneous summary Affiliate Narrative Worksheet.

35. In the Decision of October 18, 2022 the Administrative Judge agreed with the SBA's conclusion that Appellant does not qualify for the NAIC code 72 Waiver because Shop Rite's primary industry is not food service.

> "Because the Deli provided less than 10% of total income and approximately 2% of cost, SBA's conclusion that Shop Rite is 'Gasoline Stations with Convenience Stores' is correct." [5]

---

[4] AR 1588 l. 6,
[5] AR

36. Neither the CARES Act nor SBA Guidance on the subject require an applicant's primary industry be food service, for the Affiliation Waiver to apply.

37. The Decision cites 13 CFR 121.402(e) as regulatory authority for the Administrator's power to determine Appellant's NAICS classification for purposes of the Affiliation Waiver.

38. §121.402 is contained in Part 121 SBA Size Regulations, Subpart A, Size Eligibility for Government Procurement.

39. §121.401 specifies which procurement programs are subject to size determinations and the rules set forth in §§121.401 through 121.413:

> The rules set forth in §§ 121.401 through 121.413 apply to all Federal procurement programs for which status as a small business is required or advantageous, including the small business set-aside program, SBA's Certificate of Competency program, SBA's 8(a) Business Development program, SBA's HUBZone program, the Women Owned Small Business (WOSB) Federal Contract Program, SBA's Service-Disabled Veteran-Owned Small Business program, the Small Business Subcontracting program, and the Federal Small Disadvantaged Business (SDB) program.[6]

40. 13 CFR §121.402(e), upon which the Administrator's authority rests in this case, is contained in the section that deals with Size Standards Applicable to Federal Government Contracting programs.

41. Under 13 CFR §101.402(e), in order for the Administrator to have authority to "… clarify, complete, or supply a NAICS code designation" there must be (i) a federal government contract program solicitation, that (ii) identifies the single NAICS code that best describes the principal purpose of the product or service being acquired, (iii) designated by the procuring agency contracting officer, or authorized representative.[7]

---

[6] 13 C.F.R. § 121.401
[7] 13 C.F.R. § 121.402(b).

42. NAICS code designations by procuring agency contracting officers are binding on the parties and are appealable.[8]

43. Opinions otherwise provided by SBA officials (*e.g.*, by someone in Office of Financial Programs) are advisory in nature and are not binding.[9]

44. In the case of Multiple Award Contracts, a contracting officer may assign a single "primary" NAICS code that best describes the principal purpose of the acquisition, only if that NAICS code also best describes the principal purpose of each order to be placed under the Contract.[10]

45. In other cases, the contracting officer will divide the solicitation into discrete separate categories, such as Business Sectors and Functional Areas (FAs), or the equivalent, and assign each discrete category the single NAICS code and corresponding size standard that best describes the principal purpose of the goods or services to be acquired under that category.[11]

46. Petitioner Shop Rite, Inc., and alleged affiliates Tobacco Plus, Inc., and Acadia Wholesale & Tobacco Co., Inc. are majority owned by three different voting trusts.

47. Petitioner provided information to SBA that showed beneficial ownership interests in the listed entities on the date of Loan Application.[12]

48. The evidence showed neither Peggy Angelle Gielen nor children or siblings of the named individual, nor their spouses owned individually or in the aggregate 20% or more of the equity in Shop Rite, Inc., Tobacco Plus, Inc., or Acadia Wholesale & Tobacco Co., Inc.[13]

---

[8] 13 C.F.R. § 121.403.
[9] Id.
[10] 13 CFR §101.402(c)
[11] Id.
[12] Rice City Storage AR 447-448; Tobacco Plus AR 454-455; Shop Rite 457-458; Acadia Wholesale AR 460-461
[13] Id.

49. Mrs. Gielen interests as a co-beneficial owner of Voting Trust Shares did not include the right to vote the shares or otherwise participate in management of Shop Rite, Inc., or any other listed entity.[14]

RESPECTFULLY SUBMITTED,

By: /s/ Christopher Zaunbrecher

CHRISTOPHER L. ZAUNBRECHER (09546)
BRINEY FORET CORRY, LLP
413 Travis Street, Suite 200
Post Office Drawer 51367
Lafayette, Louisiana 70505-1367
Telephone: (337) 456-9835
Facsimile: (337) 233-8719
E-mail: clzaunbrecher@brineyforet.com
Attorneys for Petitioner

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been presented to all counsel via:

| | | | |
|---|---|---|---|
| ( ) | Hand Delivery | ( ) | Prepaid U.S. Mail |
| ( ) | Facsimile | ( ) | Certified Mail |
| (X) | E-Mail | ( ) | Federal Express |

Lafayette, Louisiana this 22nd day of September, 2023.

/s/ Christopher L. Zaunbrecher

CHRISTOPHER L. ZAUNBRECHER (09546)

---

[14] AR 965, AR 1488-89